Alekna v 207-217 W. 110 Portfolio Owner LLC (2020 NY Slip Op 06841)





Alekna v 207-217 W. 110 Portfolio Owner LLC


2020 NY Slip Op 06841


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 156847/16 Appeal No. 12453N Case No. 2020-01622 

[*1]Mariana Dimitrova Alekna et al., Plaintiffs-Respondents,
v
207-217 West 110 Portfolio Owner LLC, et al., Defendants-Appellants, 207 Realty Associates L.L.C., et al., Defendants.


Greenberg Traurig, LLP, New York (Hal N. Beerman of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for Mariana Dimitrova Alekna, Beatriz DA Costa, Samuel Gilchrist, Rachel Olson, Jose Santamaria, Laura Mahler, Kelly Holland, Max Holland, Michael Tive, John Cole, Mary Ellen Cole, Kristin Mannoni, Joseph Debart, William Debart, Alex Berrick, Ashan Singh, Lamar Small, Rachel Perkins, Sara Muse, Kyung Chan Zoh and Jihoe Koo, respondents.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Michael B. Carlinsky of counsel), for 207 Realty Associates L.L.C., and Mann Realty Associates, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 25, 2020, which granted plaintiffs' motion to compel production of a redacted copy of a due [*2]diligence report prepared by appellant's prior counsel in connection with their purchase of the building, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied.
Plaintiffs and seller defendants asserted that appellants waived the attorney-client privilege with respect to the due diligence report prepared by appellants' prior counsel in connection with their purchase of the building, because appellants asserted an affirmative defense and cross claims contending that the rent overcharges were not willful and they had no knowledge of the proper rent regulatory status of plaintiffs' apartments when they purchased the building.
An "at issue" waiver of privilege occurs where a party affirmatively places the subject matter of its own privileged communication at issue in the litigation so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege and application of the privilege would deprive the adversary of vital information. However, the fact that a privileged communication contains information relevant to the issues the parties are litigating does not, without more, place the contents of the privileged communication "at issue" in the lawsuit (see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 64 [1st Dept 2007]). An "at issue" waiver occurs when a party has asserted a claim or defense that it intends to prove by the use of the privileged material (see Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370, 374 [1st Dept 2008]).
Here, appellants represent that they will not use the due diligence report to prove their claim of lack of willfulness and/or knowledge of the rent regulatory status of plaintiffs' apartments. In this situation, appellants' willfulness is presumed; and plaintiffs and seller defendants have adequate other sources of evidence to demonstrate whether or not appellants' affirmative defense and cross claims have merit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020